IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES ANTHONY ALLEN, SR. (TDCJ No. 1043550), Petitioner, V. LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division,[1] Respondent. | § § § § § § § § § § § § § § § |

No. 3:16-cv-2766-B-BN

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This habeas action under 28 U.S.C. § 2254 was initiated by Petitioner Charles Anthony Allen, Sr.'s filing of a Motion to Grant Relief from the Judgment, invoking Federal Rule of Civil Procedure 60(b)(4), and it has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. As Allen's Rule 60(b) motion is substantive, the Court should construe it is a successive habeas application and deny it without prejudice to Allen's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such an application.

**Applicable Background**

The background of Allen's criminal and postconviction actions was set out when the Court last addressed a successive habeas application filed by Allen:

---

[1] As the current Director of the Texas Department of Criminal Justice, Correctional Institutions Division, Lorie Davis is "automatically substituted as" the respondent. FED. R. CIV. P. 25(d).

> Following a plea of guilty to violating a protective order, Petitioner was placed on five years' deferred adjudication probation. *State v. Allen*, No. F99-72782 (291st Judicial District Court, Dallas County). In 2001, after Petitioner was convicted of robbery, the trial court revoked his probation, found him guilty of the underlying offense, and sentenced him to 10 years' confinement. *Id.* The court of appeals dismissed the appeal from the probation revocation and adjudication of guilt for want of jurisdiction. *Allen v. State*, No. 05-01-00812-CR (Tex. App. – Dallas June 12, 2002, pet. dism'd). Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Ex parte Allen*, No. 58,875-01 (Tex. Crim. App. 2004); *Allen v. Dretke*, No. 3:04-cv-1757-D, 2004 WL 2583633 (N.D. Tex. Nov. 12, 2004), *findings and recommendation accepted* (N.D. Tex. Dec. 14, 2004) (dismissing section 2254 petition as time barred); *Ex parte Allen*, Nos. 58,875-02 and 58,875-03 (Tex. Crim. App.2006) (denying state application); *Ex parte Allen*, No. 58,875-03 (Tex. Crim. App. 2007) (same); *Ex parte Allen*, No. 58,875-04 (Tex. Crim. App. 2009) (dismissing state application as successive); *Ex parte Allen*, No. 58,875-06 (Tex. Crim. App. 2011) (dismissing state application for non-compliance).

*Allen v. Thaler*, No. 3:12-cv-75-P-BK, 2012 WL 1563911, at *1 (N.D. Tex. Mar. 23, 2012), *rec. accepted*, 2012 WL 1563908 (N.D. Tex. Apr. 30, 2012), *appeal dismissed*, No. 12-10541 (5th Cir. July 31, 2012).

**Legal Standards and Analysis**

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment or order. Like here, "[w]hen faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the court must first determine whether the motion 'should be treated as a second or successive habeas petition [or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *see In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *see also Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

Allen does not attack the integrity of any of the various Section 2254 actions he has pursued in this Court. He in fact fails to mention that he previously pursued federal habeas relief, and instead chooses to attack the state criminal judgments as void for lack of subject-matter jurisdiction. His motion is therefore attacking "the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532.

As such, his motion "raises 'a paradigmatic habeas claim.'" *Jasper*, 559 F. App'x at 371 (quoting *Rodwell v. Pepe*, 324 F.3d 66, 71-72 (1st Cir. 2003)):

> [B]oth the Supreme Court and the federal courts of appeal have repeatedly noted that 60(b) motions raising additional facts for consideration constitute claims, and therefore should be evaluated as second-or-successive habeas petitions. *See, e.g., Gonzalez*, 545 U.S. at 531-32. As the First Circuit has noted, a motion that "asks the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was constitutionally infirm," raises "a paradigmatic habeas claim." *Rodwell*, 324 F.3d at 71-72.

*Id.* (internal citations modified).

Because Allen's current motion is actually a successive habeas petition in disguise, his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing it "acts as a jurisdictional bar to [this] court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Allen] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003) (citations omitted). Given Allen's history of filing unauthorized successive habeas petitions aimed at this conviction and sentence, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance," *King*, 2003 WL 21663712, at *1.

## Recommendation

Because the Rule 60(b) motion is substantive, the Court should construe it is an unauthorized successive habeas application and deny it without prejudice to Allen's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 4, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE