UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY ALLEN, SR. (TDCJ No. 1043550), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-2766-B |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND <u>DENYING CERTIFICATE OF APPEALABILITY</u>**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. An objection was filed by Petitioner.[1] The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Petitioner's Motion to Grant Relief from the Judgment, invoking Federal Rule of Civil Procedure 60(b)(4) is substantive and is construed as a successive habeas application, and the

---

[1] On November 8, 2016, the Court granted Petitioner's Motion to Extend Time to File Objections to the Magistrate Judge's F&R, giving him until December 2, 2016 to file his objections. Doc. 9. On that same date, Petitioner filed .his objections to the F&R. Doc. 11. Accordingly, the Court proceeds to consider the F&R and Petitioner's objections

successive habeas application is **DENIED** without prejudice to Petitioner's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such an application.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case [Dkt. No. 23] in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

In the event that Petitioner appeals, he may proceed *in forma pauperis* on appeal.

**SO ORDERED.**

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

DATED: NOVEMBER 9, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE